# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES W. YOUNG-COOPER,<br><br>                    Petitioner,<br>v.<br><br>STATE OF WISCONSIN,<br><br>                    Respondent. | Case No. 17-CV-461-JPS<br><br>**ORDER** |

On March 30, 2017, Petitioner filed a motion for an extension of time to submit a federal habeas petition. (Docket #1). Petitioner states that he is no longer in physical custody, but is still subject to a period of supervised release. *Id.* at 3. Petitioner indicates that he filed a motion for a sentence modification in Wisconsin state court. *Id.* at 1. The motion was denied by the circuit court, and that ruling was upheld by the Wisconsin Court of Appeals on November 11, 2015. *Id.* The Wisconsin Supreme Court denied his petition for review on April 6, 2016. *Id.* at 2. Petitioner thus believed that his deadline for filing a federal habeas action was April 6, 2017. *See* 28 U.S.C. § 2244(d)(1). Through the instant motion, Petitioner seeks a 120-day extension, or until August 5, 2017, to file his petition. (Docket #1 at 2).

Petitioner's motion cannot itself be construed as a petition for a writ of habeas corpus because it offers no grounds for relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Rather, the motion is better understood as a request that Petitioner's limitations period be equitably tolled in advance of the filing of a petition. *Socha v. Pollard*, 621 F.3d 667, 670-71 (7th Cir. 2010). For the motion to be

granted, it must show that Petitioner meets the standards for equitable tolling. *Id.*

Preliminarily, the Court notes that Petitioner is not quite correct on the end date of his limitations period. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Accounting for that extra 90 days, Petitioner's limitations period began to run on July 5, 2016, and thus ended on July 5, 2017.

Even with this slight extension, Petitioner's motion nevertheless fails to establish his entitlement to equitable tolling. "A petitioner 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). As to the first element, Petitioner must not only describe his diligence in the time after the limitations period expired, but before it as well. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Petitioner makes no attempt to explain how he diligently pursued his rights from July 5, 2016 until the filing of his motion on March 30, 2017. A review of publicly available Wisconsin court records suggests that he has done nothing at all, at least with respect to filing motions or other papers in his state court criminal case. *See State of Wisconsin v. Charles Young-Cooper*, 1997-CF-24, Court Record Events, *available at*

https://wcca.wicourts.gov (no meaningful events docketed since the April 6, 2016 order denying review from the Wisconsin Supreme Court). Petitioner has not shown that his situation warrants equitable tolling. His motion must, therefore, be denied.[1] As this case was opened solely for the Court to consider and rule upon Petitioner's motion, the action itself will also be dismissed.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether Petitioner's motion should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Petitioner's motion.

---

[1] Though this order comes significantly after the extension period Petitioner requested, he has as of yet still failed to file a habeas petition in this Court. This reinforces the Court's conclusion that equitable tolling is inappropriate.

Accordingly,

**IT IS ORDERED** that Petitioner's motion seeking application of equitable tolling (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's motion (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge